UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| CLAYTON SHELDON CREEK, | * | CIV 13-5065-RAL |
| Plaintiff, | * | |
| vs. | * | ORDER DISMISSING |
| | * | PETITION FOR |
| DENNIS KAEMINGK, Secretary of Department of Corrections, | * | HABEAS CORPUS |
| Defendant. | * | |

Plaintiff Clayton Sheldon Creek filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on September 3, 2013. Doc. 1. Creek also filed Petitioner's "Motion Requesting Discovery of State Evidence of Races of this Case." Doc. 6. Creek is well known to this Court based on his multiple past filings.

Creek is an inmate at the South Dakota State Penitentiary having plead guilty to one count of second degree rape on November 30, 1999, in the Seventh Judicial District, Pennington County, South Dakota. Doc. 1; see also Creek v. Weber, No. 08-3009, 2008 WL 2368670, at *1 (D.S.D. June 10, 2008). In this petition, Creek's primary challenge is to the validity of his rape conviction arguing that his arrest, prosecution, and incarceration has been unlawful because the state court lacked jurisdiction over him. Doc. 1.

Creek has filed twenty-one previous lawsuits in this court prior to commencing this action. See Creek v. Weber, Civ. 12-4188-RAL, Doc. 3 (December 28, 2012); see also Creek v. United States, CIV 11-3005-RAL, Doc. 7 (February 9, 2011) (outlining Creek's nineteen previous suits and their outcomes filed before dismissing the case that was in front of the Court at the time). He has "filed a multitude of prior actions under 28 U.S.C. § 2254, all challenging

his 2000 state court rape conviction." Creek, 2008 WL 2368670, at *1. Three of Creek's previous actions were dismissed for failure to exhaust state habeas remedies, while four others were dismissed as improper successive petitions filed without obtaining an order from the United States Court of Appeals for the Eighth Circuit. Id. (outlining previous dispositions and dismissing case as improper successive habeas petition); Creek v. Weber, CIV 12-4188-RAL, Doc. 3 (December 28, 2012). Creek has also been sanctioned by the Supreme Court of South Dakota for repeated frivolous filings, and state courts in South Dakota are not required to accept his filings without prior court approval. Creek, 2008 WL 2368670, at *1 n.1. In Creek v. Weber, CIV 04-4021-LLP, the Honorable Lawrence Piersol reviewed the denial of Creek's state court habeas petition, dismissed the federal habeas petition on the merits, and denied the certificate of appealability. CIV 04-4021-LLP, Doc. 24 (September 16, 2004). Creek appealed, the Eighth Circuit affirmed the denial of the certificate, and Judge Piersol ordered that the Clerk of Court not accept further motions from Creek. CIV 04-4021-LLP, Doc. 34 (June 28, 2005).

The relevant section of the Antiterrorism and Effective Death Penalty Act provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Similarly, Rule 9 of the Rules Governing § 2254 in United States District Courts states that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." See Creek, 2008 WL 2368670, at *1 (internal quotation marks omitted). "Repetitive claims that have been 'raised and decided adversely on the merits in an earlier petition' are

successive." Shaw v. Delo, 971 F.2d 181, 184 (8th Cir. 1992) (quoting Olds v. Armontrout, 919 F.2d 1331, 1332 (8th Cir. 1990)). "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).

Creek has not received an appropriate order from the Eighth Circuit to again present claims challenging his state court rape conviction under § 2254. Therefore, his petition shall be dismissed as an improper successive appeal.

Indeed, Creek's current case should not have been accepted for filing at all. Part of the Order entered by the Honorable Charles B. Kornmann in Creek v. Trimble, CIV 05-3028-CBK (October 5, 2005), directed the Clerk of this Court "not to accept any further filings by Clayton S. Creek without previous written authorization from this Court." Creek, CIV 11-3005-CBK (February 9, 2011). The Prison Litigation Reform Act, 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claims upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Creek has not received this Court's previous written authorization to file this new action, and there is no indication that Creek is "under imminent danger of serious physical injury."

Even so, Creek's claim of a lack of state court jurisdiction over his rape of a woman in Pennington County is mistaken. Creek claims a lack of state jurisdiction based on the 1868 Treaty of Fort Laramie. Creek asserts that the 1868 Treaty of Fort Laramie deprives states of jurisdiction under the "bad men" clause. The "bad men" clause provided that:

3

> If bad men among the Indians shall commit a wrong or depredation upon the person or property of any one, white, black, or Indian, subject to the authority of the United States, and at peace therewith, the Indians, herein named solemnly agree that they will, upon proof made to their agent and notice by him, deliver up the wrong-doer to the United States, to be tried and punished according to its law . . .

Art. I, paragraph 3, 1868 Treaty of Fort Laramie.

The 1868 Treaty of Fort Laramie was between the Sioux Nation and the United States. Creek is an inmate in a South Dakota prison and the Defendant is a state official. The State of South Dakota was not a party to the treaty and did not yet exist when the treaty was signed. While it is true that what is now Pennington County once was part of the Great Sioux Reservation under the 1868 Treaty of Fort Laramie, Pennington County where Creek committed the rape is outside of what now is Indian Country. For historical reasons, American Indians have good reason to criticize federal government actions, policies and laws that led to contraction of Indian Country generally and particularly following the 1868 Treaty of Fort Laramie. For legal reasons that control in this court, Pennington County where Creek committed the rape is no longer Indian Country, and perpetrators of crimes—whether American Indian or not—in South Dakota outside of Indian Country are subject to state criminal jurisdiction. See Rosebud Sioux Tribe v. Kneip, 430 U.S. 584, 614 (1977).

Therefore, it is hereby

ORDERED that Creek's Petition for Writ of Habeas Corpus, Doc. 1, is denied and no certificate of appealability will issue. It is further

ORDERED that Creek's "Motion Requesting for Habeas Discovery of State Evidence of Races of this Case" is denied. It is further

4

ORDERED that under 28 U.S.C. § 1915(g), Creek, unless in "imminent danger of serious physical injury," may not file any new federal civil case absent paying the filing fee in full.

Dated November 5, 2013

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE